**798**  S. R. & P. Import Co., Inc., *v.* American Union Bank.

Supreme Court, March, 1924.                    [Vol. 122

---

S. R. & P. Import Co., Inc., Plaintiff, *v.* American Union Bank, Defendant.

Supreme Court, New York Special Term, March. 1924.

**Banks and banking — contracts — agreement by bank to permit depositor to overdraw account is against public policy and void.**

An agreement by a bank with its depositor, that the depositor may overdraw its account by issuing checks for amounts beyond the balance to its credit and when these are presented for payment the bank may withhold or conceal from the payee the information that there are no funds for payment from the time the checks are presented until the close of the banking day, is against public policy and void.

Motion to dismiss complaint.

*Boskey, Schiller & Serlong* (*Ira L. Schiller*, of counsel), for defendant, for motion.

*Stanley Garten*, for plaintiff, opposed.

Tierney, J. This is a motion to dismiss the complaint or the several causes of action contained therein on the ground that they do not state facts sufficient to constitute a cause of action. The serious question is presented as to the sufficiency of the first cause of action. The contract on which this is based is an alleged agreement by the bank with its depositor that the depositor might overdraw its account by issuing checks for amounts beyond the balance to its credit, and that when these were presented for payment the bank would withhold or conceal from the payee the information that there were no funds for payment from the time that the checks were presented until the close of the banking day. To sustain the complaint the court must find that a bank can legally make such an agreement with a depositor. The cases that deal with a breach of contract or duty by a bank in wrongfully refusing

to honor a check have no application to this question and shed little light on its solution. No authority is cited in point and the question must be answered by the court as one of first impression. The Penal Law, section 1292-a, that makes it a larceny to deliver a check knowing that the maker has not sufficient funds in or credit with the bank for the payment of the check, is not decisive because that is qualified by the condition that it be done " with intent to defraud." It evidences, however, a disposition to characterize intentional overdrafts as illegal. I am of the opinion that a bank in the exercise of the functions with which it is invested by statute has no right to subject its assets to liability for performance of a contract to co-operate with a depositor in the use of overdrafts and that to sanction such a practice is contrary to public policy. The alleged agreement upon which the plaintiff's claim is based is void and the other facts that are pleaded give it no cause of action without the premise that it could enforce the basic agreement. Whatever duty the defendant owed it must grow out of the relation established by that agreement. The second cause of action, while incorporating much from the statement of the first cause of action without apparent relevancy, states a cause of action for wrongfully refusing to honor checks drawn upon a sufficient deposit account. I fail to find any insufficiency in this statement. The third cause of action alleges the deposit with the bank of certain funds and alleges that the bank wrongfully diverted them and converted them to its own use. I do not understand what is meant by this pleading. On receipt of the deposits the funds became the property of the bank. It could not divert or convert its own property wrongfully to its own use. It became a debtor to its depositor to the extent of these funds; that is, the depositor was entitled to a credit for that amount. Whether it owes the depositor anything does not arise from the item of the deposit, but depends upon the account between the parties. There is no allegation that there is a balance due from the defendant. I do not see how any cause of action is set forth under this alleged cause of action. The motion is granted as to the first and third causes of action and denied as to the second. Order signed.

Ordered accordingly.